UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN YALDA,<br><br>                    Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 16-CV-2641 H - NLS<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER** |

On October 24, 2016, Plaintiff Alan Yalda ("Plaintiff"), filed a verified complaint asserting one cause of action against Phillips 66 Company and Does 1-10 (collectively referred to as "Defendants"). (Doc. No. 1.) Plaintiff's complaint requests a temporary restraining order. (Doc. No. 1 ¶ 20–21, 26.) Pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for disposition on the papers, without oral argument. For the reasons set forth below, Plaintiff has not demonstrated the requisite legal or factual basis required to support the extraordinary nature of the remedy he seeks. Accordingly, Plaintiff's request for a temporary restraining order is **DENIED**.

**BACKGROUND**

Plaintiff is an individual who operates a gasoline service station located at 121 East San Ysidro Blvd., San Ysidro, California 92173 ("the Station"). (Doc. No. 1 ¶ 1.)

1

Defendant, Phillips 66 Company, is a Delaware corporation doing business within the County of San Diego. (*Id*. ¶ 2.) In July of 2016, Defendants sent Plaintiff a letter entitled "Notice of Termination." (*Id*. ¶ 10.) The letter informed Plaintiff that his Station had allegedly failed a mystery shopper evaluation performed by Defendants. (*Id.*) The mystery shopper evaluation is a program where the Defendants engage persons to visit service stations disguised as ordinary patrons. (*Id.*) The mystery shoppers then inspect the stations for cleanliness, landscaping, and uniforms worn by employees. (*Id*.) After the visit, the service station is given an arbitrary score and discretionary standard. (*Id*.) Ultimately, the July 25, 2016 letter sent to Plaintiff claimed that as Plaintiff had failed the mystery shopper evaluation, Defendants were terminating Plaintiff's franchise agreement and franchise relationship effective November 22, 2016. (*Id.*)

Plaintiff alleges that Defendants do not have permission to terminate his franchise based solely on the unsubstantiated mystery shopper evaluation. (*Id.* ¶ 11.) Instead, Plaintiff argues that Defendants are using this arbitrary evaluation to eliminate certain stations, including his own, so that Defendants can increase the number of service stations owned by Defendants or its affiliates. (*Id*.)

Plaintiff's only cause of action is under 15 U.S.C. § 2801 Violation of the Petroleum Marketing Practices Act. (*Id*. at 3-4.) Plaintiff premises its claim on the contention that Defendants' decision to terminate Plaintiff's franchise agreement was not made in good faith or in the normal course of business. (*Id*. ¶ 15.) Plaintiff claims that the termination of his Station is simply to increase the number of service station operated by Defendants and eliminate Plaintiff as a competitor. (*Id*.) Plaintiff seeks injunctive and equitable relief, compensatory and exemplary damages, and attorney's fees. (*Id*. ¶ 26.) Additionally, Plaintiff requests a temporary restraining order or preliminary injunction restraining and enjoining Defendants from attempting to terminate or taking any further steps towards terminating Plaintiff's Station. (*Id*.)

///

///

## LEGAL STANDARD

A temporary restraining order ("TRO") is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. Of Teamsters*, 415 U.S. 423, 439 (1974). "Status quo" means the "last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).

Federal Rule of Civil Procedure 65(b) empowers a court to grant a TRO without written or oral notice to the adverse party "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court's substantive analysis on a motion for a TRO is substantially identical to that on a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839–40 n.7 (9th Cir. 2001). Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm absent injunctive relief; (3) the balance of equities tips in favor of injunctive relief; and (4) injunctive relief is in the public interest. *Winter*, 555 U.S. at 20.

## DISCUSSION

Aside from filing the verified complaint, Plaintiff has not presented the Court with any authority or evidence to support its request for a TRO. The only reference to a TRO is on the last two pages of the complaint and in Plaintiff's prayer for relief. While the facts

alleged in the complaint show the potential for harm to Plaintiff if his Station is to be closed, Plaintiff's complaint provides no further facts or evidence to satisfy the special nature of the remedy he seeks. Plaintiff only briefly states that if Defendants are permitted to continue with its course of conduct, Plaintiff will lose his means of support, his franchise, and his substantial investment. (Doc. No. 1 ¶ 19.)

Furthermore, Plaintiff's brief and conclusory contentions are insufficient to demonstrate that Plaintiff has a likelihood of prevailing on the merits as to any of the claims asserted in the complaint as required by the issuance of a TRO. Plaintiff has also not addressed whether it has notified Defendants of Plaintiff's request for a TRO or included a declaration detailing why the Court should proceed without affording Defendants notice and an opportunity to respond. *See* Fed. R. Civ. P. 65(b) (detailing requirements for proceeding without notice to the opposing party); *S.E.C. v. ABS Manager*, *LLC*, No. 13CV319, 2013 WL 524178, at *3 (S.D. Cal. Feb. 11, 2013) (discussing requirement of notice in issuing a TRO).

Thus, finding Plaintiff has failed to support its request for a TRO with legal authority or sufficient factual grounds for the relief requested, Plaintiff's request for a TRO is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 26, 2016

Hon. Anthony J. Battaglia
United States District Judge